1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NICOLAS VASQUEZ II,                    No.  2:19-cv-2332 JAM AC P

12              Petitioner,

13       v.                                 ORDER AND FINDINGS &
                                            RECOMMENDATIONS
14   JIM ROBERTSON,

15              Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 12, and seeks leave to proceed in forma

19   pauperis, ECF Nos. 5, 8.  He has also filed a motion for appointment of counsel.  ECF No. 13.

20   I.      Application to Proceed In Forma Pauperis

21          Examination of the in forma pauperis application reveals that petitioner is unable to afford

22   the costs of suit.  ECF Nos. 2, 5, 8, 11.  Accordingly, the application to proceed in forma pauperis

23   will be granted.  See 28 U.S.C. § 1915(a).

24   II.     Petition for Writ of Habeas Corpus

25          A.      Factual and Procedural Background

26          On July 8, 2010, petitioner was convicted of assault with a firearm and a use of a firearm

27   enhancement.  ECF No. 12 at 1.  He also received an enhancement for having a prior serious

28   felony conviction and received an aggregate term of fifteen years.  Id.

                                    1

1                                 1.     Direct Review

2          Petitioner appealed his conviction to the California Court of Appeal, First Appellate

3  District, which affirmed the conviction on January 25, 2012. Id. at 2. He then petitioned for

4  review of the Court of Appeal's decision in the California Supreme Court. Id. The California

5  Supreme Court denied the petition for review on April 11, 2012. Id. at 2-3. Petitioner did not

6  petition the United States Supreme Court for certiorari. Id. at 3.

7                                 2.     State Collateral Review

8          On June 25, 2018, petitioner filed a pro se petition for writ of habeas corpus in the Solano

9  County Superior Court. Id. The petition was denied on August 2, 2018. Id. at 3-4. On October

10  2, 2018,[1] petitioner filed a pro se petition with the California Court of Appeal, First Appellate

11  District. Id. at 4, 18. The appellate court denied his petition without prejudice on October 11,

12  2018. Id. at 4.

13          On November 2, 2018, petitioner filed another pro se petition for writ of habeas corpus in

14  Solano County Superior Court. Id. at 4, 18. The petition was denied on February 8, 2019. Id. at

15  4-5. He then filed a pro se petition for writ of habeas corpus in the First Appellate District, which

16  was denied on May 20, 2019, id. at 6, 18, 39, followed by a petition for habeas corpus in the

17  California Supreme Court, which was denied on October 9, 2019, id. at 18.

18                                 3.     Federal Petition

19          The original petition in this action was filed on November 12, 2019.[2] ECF No. 1. The

20  amended petition was filed on January 17, 2020. ECF No. 12.

21             B.     Petition

22          Petitioner challenges the imposition of a prior serious felony conviction enhancement, id.

23  at 5, 21-24, as well as his restitution, id. at 7, 25. Specifically, petitioner asserts that his Sixth and

24  _____

25  [1]  The petition identified both October 2, 2018, and October 11, 2018, as the date on which
    petitioner filed his petition. ECF No. 12 at 4, 18. Where the amended petition lists inconsistent
26  dates, the court assumes for current purposes that the earlier date is accurate.

27  [2]  Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox
    rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court
28  document is deemed filed on the date the prisoner delivered the document to prison officials for
    mailing).

2

1   Fourteenth Amendment rights were violated when the trial judge, instead of a jury, determined he

2   had a prior serious felony conviction.  Id. at 5, 21-24.  To challenge his restitution, petitioner

3   alleges two different violations of his Fourteenth Amendment rights: first, he contends he was not

4   notified of the restitution hearing, and second, he contends he was not asked about his ability to

5   pay restitution during his sentencing hearing.  Id. at 7, 25.

6       III.    Discussion

7       Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

8   (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears

9   from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

10  court."

11          A.      Statute of Limitations

12      Section 2244(d)(1) of title 28 of the United States Code contains a one-year statute of

13  limitations for filing a habeas petition in federal court.  This statute of limitations applies to

14  habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty

15  Act (AEDPA) went into effect.  Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (citation

16  omitted).

17              1.  Applicable Trigger Date

18      The one-year statute of limitations runs from one of several alternative triggering dates.

19  28 U.S.C. § 2244(d)(1).  In most cases, that is "the date on which the judgment became final by

20  the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

21  § 2244(d)(1)(A).

22      Petitioner appealed his conviction to the California Supreme Court but did not seek review

23  by the United States Supreme Court.  ECF No. 12 at 3.  Thus, his conviction became final at the

24  expiration of the ninety-day period to seek certiorari immediately following the decision of the

25  state's highest court.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003) (citations omitted);

26  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

27      The California Supreme Court denied direct review of petitioner's conviction on April 11,

28  2012.  ECF No. 12 at 2-3.  The conviction therefore became final on July 10, 2012, and the

1    AEDPA's one-year clock began on July 11, 2012.  Patterson v. Stewart, 251 F.3d 1243, 1247 (9th

2    Cir. 2001) (the day an order or judgment becomes final is excluded and time begins to run the day

3    after the judgment becomes final (citing Fed. R. Civ. P. 6(a))).  Absent tolling or a later trigger

4    date, petitioner had until July 10, 2013, to file a timely federal habeas petition.

5                             2.   Statutory Tolling

6         The limitations period may be statutorily tolled during the time "a properly filed

7    application for State post-conviction or other collateral review with respect to the pertinent

8    judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  However, the "statute of limitations is

9    not tolled from the time a final decision is issued on direct state appeal and the time the first state

10   collateral challenge is filed because there is no case 'pending' during that interval."  Nino v.

11   Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds Carey v. Saffold, 536

12   U.S. 214, 225 (2002).  State habeas petitions filed after the one-year statute of limitations has

13   expired do not revive the statute of limitations and have no tolling effect.  Ferguson v. Palmateer,

14   321 F.3d 820, 823 (9th Cir. 2003).

15        Petitioner's first state habeas petition was filed almost five years after the statute of

16   limitations expired, and thus not early enough to toll the federal statute of limitations.

17   Accordingly, petitioner is not entitled to statutory tolling.

18                             3.   Equitable Tolling

19        A habeas petitioner is entitled to equitable tolling of the AEDPA's one-year statute of

20   limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

21   extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida,

22   560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  An

23   "extraordinary circumstance" has been defined as an external force that is beyond the inmate's

24   control, Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted), and "[t]he

25   diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible

26   diligence,'"  Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted).

27   Petitioner bears the burden of alleging facts that would give rise to equitable tolling.  Pace, 544

28   U.S. at 418.

4

Here, petitioner does not claim entitlement to equitable tolling, nor has he alleged facts from which the court can find that an extraordinary circumstance stood in his way to prevent timely filing.  Thus, he has not met his burden and is not entitled to equitable tolling.

### 4.   Alternate Trigger Date

In addition to the date a judgement becomes final, § 2244 provides that the AEDPA's one-year clock can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).

Here, petitioner argues his claims are timely because the one-year clock should run from the date new constitutional rights were recognized by People v. Gallardo, 4 Cal. 5th 120 (2017), People v. Dueñas, 30 Cal. App. 5th 1157 (2019), and People v. Belloso, 42 Cal. App. 5th 647 (2019).  ECF No. 12 at 12-15.  However, only a United States Supreme Court decision will support a later trigger date.  28 U.S.C. § 2244(d)(1)(C).  Gallardo was decided by the California Supreme Court, and Dueñas and Belloso were decided by a California Appellate Court. Accordingly, none of these cases provide a basis for a later trigger date.

Petitioner also relies on three United States Supreme Court cases in his substantive arguments: Apprendi v. New Jersey, 530 U.S. 466 (2000), Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016).  ECF No. 12 at 13-14, 22-42. However, even if these cases are applicable to petitioner's claims and established newly recognized constitutional rights, the petition would still be untimely.  Mathis, the most recent of the three cases, was decided in June 2016, two years before petitioner's first state habeas action was filed.  Thus, even if the clock ran from the date Mathis was decided and petitioner's state habeas petitions were properly filed, the one-year statute of limitations would have already expired before he filed his first state habeas action; it therefore would have had no tolling effect.

### 5.   Conclusion

Petitioner's judgement became final on July 10, 2012, and his one-year statute of limitations thus expired on July 10, 2013, nearly five years before he filed his first state action and over six years before his original federal petition was filed.  Even if the court assumes that

1    petitioner was entitled to a later trigger date based on new Supreme Court case law, the most

2    recent case cited by petitioner was decided two years before he filed his first state habeas petition

3    and over three years before he initiated this action.  Because petitioner is not entitled to statutory

4    or equitable tolling, the instant petition is untimely.

5        IV.    <u>Petitioner's Request for Restitution Relief Fails to state a Cognizable Claim</u>

6        A petitioner may seek federal habeas relief from a state-court conviction or sentence "only

7    on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

8    States."  28 U.S.C. § 2254(a).

9        The Supreme Court has held that "the essence of habeas corpus is an attack by a person in

10    custody upon the legality of that custody."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  A

11    restitution claim does not challenge the legality of a person's custody, even when paired with a

12    custody claim, and therefore does not provide grounds for relief.  <u>Bailey v. Hill</u>, 599 F.3d 976,

13    981 (9th Cir. 2010).

14        Petitioner's second ground for relief challenges the amount of his restitution, not the

15    legality of his custody.  Thus, in addition to being untimely, it is not a cognizable claim for relief

16    in a federal habeas corpus petition.

17        V.    <u>Certificate of Appealability</u>

18        Pursuant to Rule 11 of the Habeas Rules, this court must issue or deny a certificate of

19    appealability when it enters a final order adverse to the applicant.  A certificate of appealability

20    may issue "only if the applicant has made a substantial showing of the denial of a constitutional

21    right."  28 U.S.C. § 2253(c)(2).  When a petition is dismissed on procedural grounds, as is being

22    recommended in this case, a certificate of appealability "should issue when the prisoner shows, at

23    least, [(1)] that jurists of reason would find it debatable whether the petition states a valid claim of

24    the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether

25    the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484

26    (2000).

27        This court finds that no jurist of reason would find it debatable that the petition is barred

28    by the statute of limitations and a certificate of appealability should not be issued.

1    VI.    Motion for Appointment of Counsel

2           Petitioner has requested the appointment of counsel.  ECF No. 13.  There currently exists

3    no absolute right to appointment of counsel in habeas proceedings.  Nevius v. Sumner, 105 F.3d

4    453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of

5    counsel at any stage of the case if "the interests of justice so require."  In light of the

6    recommendation that the petition be dismissed as untimely, the court does not find that the

7    interests of justice would be served by the appointment of counsel at the present time and the

8    motion will be denied.

9    VII.   Plain Language Summary of this Order for a Pro Se Litigant

10          Your request to proceed in forma pauperis is granted and you are not required to pay the

11   filing fee.

12          It is being recommended that your petition be dismissed because it was not filed soon

13   enough.  You did not file any state or federal habeas petitions until more than a year after your

14   conviction became final.  For a later start date for the statute of limitations based on new cases,

15   the cases must come from the United States Supreme Court, not a California state court, and the

16   United States Supreme Court cases you claim apply were decided more than a year before you

17   filed any state or federal habeas petitions.  Also, federal habeas petitions cannot be used to

18   challenge restitution.

19          Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of

20   counsel (ECF No. 13) is DENIED.

21          IT IS FURTHER RECOMMENDED that:

22          1.  Petitioner's application for a writ of habeas corpus be dismissed as untimely.

23          2.  This court decline to issue the certificate of appealability referenced in 28 U.S.C.

24   § 2253.

25          These findings and recommendations are submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

27   after being served with these findings and recommendations, petitioner may file written

28   objections with the court.  Such a document should be captioned "Objections to Magistrate

7

1   Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

2   within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>

3   <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4   DATED: July 20, 2020

5

6   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28